**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 25-cv-02447-NYW-NRN

RICHARD HAVERTY,

Plaintiff,

v.

UNITED HEALTH GROUP, INC.,

Defendant.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation on Defendants' Motion to Compel Arbitration and Stay Proceedings (the "Recommendation") issued on February 27, 2026 by the Honorable N. Reid Neureiter. [Doc. 98]. Judge Neureiter recommends that UnitedHealth Group's Motion to Compel Arbitration and to Stay Proceedings (the "Motion" or "Motion to Compel Arbitration"), [Doc. 68], be granted, *see* [Doc. 98 at 14]. Plaintiff Richard Haverty ("Plaintiff" or "Mr. Haverty") has objected to the Recommendation. [Doc. 99]. For the reasons set forth below, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

## LEGAL STANDARDS

### I. Rule 72

A district court may refer a dispositive motion[1] to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo

[1] As Judge Neureiter observes, *see* [Doc. 98 at 4–5], "district courts have reached different conclusions on whether motions to compel arbitration are dispositive for

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II. Arbitration

"There is a strong federal policy favoring arbitration for dispute resolution, and this policy 'requires a liberal reading of arbitration agreements.'" *GATX Mgmt. Servs., LLC v. Weakland*, 171 F. Supp. 2d 1159, 1162 (D. Colo. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n.27 (1983)). The Federal Arbitration Act provides that contractual agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA obligates courts to stay litigation on matters that the parties have agreed to arbitrate. *Id.* § 3. And section 4 authorizes a federal district court to compel arbitration for a dispute over which it would have jurisdiction. *See id.* § 4. Because the FAA establishes "a liberal federal policy favoring arbitration agreements," *Moses H. Cone*, 460 U.S. at 24, courts "must interpret arbitration clauses

---

purposes of 28 U.S.C. § 636(b)(1)," *Cook v. PenSa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 3809409, at *6 (D. Colo. Aug. 1, 2014). Judge Neureiter elected to issue a recommendation "out of an abundance of caution," *see* [Doc. 98 at 5], and the Court will review de novo any portions of Judge Neureiter's Recommendation that are properly objected to.

liberally, and all doubts must be resolved in favor of arbitration." *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 798 (10th Cir. 1995) (citing *Moses H. Cone*, 460 U.S. at 24–25).

**III. Pro Se Filings**

Because Plaintiff proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and Plaintiff must comply with the same procedural rules and substantive law that all parties are required to follow, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

**BACKGROUND**

Judge Neureiter recites the background of the case in his Recommendation, *see* [Doc. 98 at 2–3], and the Court adopts Judge Neureiter's recitation of the facts and incorporates it into this Order. Mr. Haverty previously worked for Defendant UnitedHealth Group, Inc. ("Defendant" or "UnitedHealth") until he was terminated in March 2023. [Doc. 47 at 3]. He alleges that his termination was unlawful, and he asserts 12 claims seeking relief: (1) disability discrimination and failure to accommodate under Title VII, [*id.*]; (2) retaliation under the Americans With Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"), [*id.* at 5]; (3) hostile work environment under the ADA and CADA, [*id.* at 6]; (4) interference and retaliation under the Family and Medical Leave Act; (5) a claim under the Employee Retirement Income Security Act of 1974 alleging interference with benefits, [*id.* at 8]; (6) wrongful termination, [*id.* at 9]; (7) negligent supervision and retention, [*id.* at 10]; (8) breach of the implied covenant of good faith and

fair dealing, [*id.* at 11]; (9) intentional infliction of emotional distress, [*id.* at 12]; (10) defamation, [*id.* at 13]; (11) civil conspiracy, [*id.* at 13]; and (12) disability discrimination under CADA, [*id.* at 15].

Plaintiff originally filed this action in state court on April 15, 2025. [Doc. 4]. On August 7, 2025, Defendant removed the case to federal court, asserting both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1]. After filing a few iterations of his pleading, Plaintiff filed the operative Fourth Amended Complaint on November 5, 2025. [Doc. 47]. On November 19, 2025, UnitedHealth moved to compel arbitration on all of Plaintiff's claims. [Doc. 68].

## ANALYSIS

The Motion to Compel Arbitration is based on an Arbitration Agreement that provides, in pertinent part:

> This Policy creates a contract between UnitedHealth Group and employee requiring both parties to resolve employment-related disputes . . . that are based on a legal claim through final and binding arbitration. Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under the Policy. UnitedHealth Group and employee mutually consent to the resolution by arbitration of all claims and controversies, past, present, or future, that employee may have against UnitedHealth Group or UnitedHealth Group may have against employee, which arise out of or relate to employee's employment, application and selection for employment, and/or termination of employment.

[Doc. 68-1 at 2]. In his Recommendation, Judge Neureiter concludes that the Arbitration Agreement is valid and enforceable. [Doc. 98 at 7–11, 14]. Then, Judge Neureiter concludes that all of Plaintiff's claims fall within the scope of the Arbitration Agreement. [*Id.* at 11–12]. Finding Plaintiff's arguments against arbitration unpersuasive, *see* [*id.* at

13–14], Judge Neureiter recommends that the Motion to Compel Arbitration be granted, [*id.* at 14].

Mr. Haverty objects to Judge Neureiter's Recommendation, but some of Plaintiff's arguments do not clearly relate to the substance of Judge Neureiter's analysis.[2] For example, Plaintiff argues that he has "been required to comply with exacting procedural rules, pleading standards, amendment directives, deadlines, and substantive legal requirements," referring to two orders issued by the Honorable Richard T. Gurley that required Plaintiff to file an amended pleading. *See* [Doc. 99 at 7]; *see also* [Doc. 9 at 2 (requiring Plaintiff to file a complaint on the Court-approved form); Doc. 36 at 2–4 (requiring Plaintiff to amend to include factual allegations alongside his claims)]. Plaintiff claims that the Recommendation "does not apply the same rigor to Defendant's conduct that has been consistently required of Plaintiff throughout this case," [Doc. 99 at 7], but his arguments in support are vague and non-specific, *see* [*id.* at 7–8]. Such objections are not adequately specific to "enable[] [this Court] to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *2121 E. 30th St.*, 73 F.3d at 1059. Accordingly, the Court addresses only those objections that could reasonably be construed to identify an issue in Judge Neureiter's analysis. *See* NYW Civ. Practice Standard 72.3(b) ("A party objecting to a Magistrate Judge's Recommendation must identify, with particularity, the specific portions of the Recommendation that are the basis for the Objection.").

---

[2] Moreover, the Court notes that Plaintiff's objections are 17 pages long in substance, nearly double this Court's 10-page limit for objections to magistrate judge recommendations. *See* NYW Civ. Practice Standard 72.3(c). Although Plaintiff proceeds pro se, he is obligated to comply with all procedural rules that govern this case, including the undersigned's Civil Practice Standards. *Murray*, 312 F.3d at 1199 n.3.

Although Plaintiff purports to raise six different objections to the Recommendation, the throughline across the majority of his objections is that Defendant waived arbitration by "engag[ing] th[is] matter on the merits over the course of approximately three years before ultimately seeking to compel arbitration." [Doc. 99 at 11]; *see also, e.g.*, [*id.* at 7–8, 10, 12–13, 18–19 (raising the same or substantially similar arguments)]. Specifically, Plaintiff argues that Defendant waived its right to arbitrate because (1) Defendant participated in the pre-litigation administrative process with the Colorado Civil Rights Division without invoking arbitration, (2) Defendant removed the case from state court to federal court, and (3) Defendant did not file its Motion to Compel Arbitration until November 2025. *See* [*id.* at 12]; *see also* [*id.* at 5, 8, 10, 11–12, 13–14].

In determining whether a party has waived its right to arbitration, courts in the Tenth Circuit consider the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994) (quotations omitted). Plaintiff does not address these factors in his objections, *see* [Doc. 99], and he did not address them in Response to the Motion to Compel Arbitration, either, *see* [Doc. 70]. The Court cannot make arguments on Plaintiff's behalf or act as his advocate, *see Hall*, 935 F.2d at 1110, and it cannot analyze these factors without argument from Plaintiff.

Nevertheless, the Court finds that Plaintiff's waiver arguments do not hold weight. Courts have routinely held that an employer does not waive its right to arbitrate by participating in pre-litigation administrative proceedings.[3] *See, e.g.*, *Gonder v. Dollar Tree Stores, Inc.*, 144 F. Supp. 3d 522, 529 (S.D.N.Y. 2015) ("Dollar Tree's participation in the EEOC and DHR investigations, while engaging Gonder's claims on their merits, is not considered 'litigation' for the purposes of determining waiver."); *Hayes v. Conduent Com. Sols., LLC*, No. 21-cv-11545-DJC, 2022 WL 1104622, at *7 (D. Mass. Apr. 13, 2022) (employer had no obligation to invoke arbitration in administrative proceedings); *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000) (participation in EEOC proceedings without invoking arbitration did not constitute waiver because employer had "no obligation to make a pre-suit demand for arbitration"); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 16 (1st Cir. 2005) (because the EEOC is not a party to an arbitration agreement, the arbitration agreement cannot halt a preliminary EEOC investigation, so "forcing employers to bring arbitration during the pendency of EEOC investigations is a waste of resources and is contrary to the general purposes of the FAA").

Similarly, removing a case to federal court does not waive the removing party's right to arbitration. *See, e.g.*, *Hudson v. Peak Med. N.M. No. 3 LLC*, No. 1:21-cv-01126-MIS-KK, 2022 WL 2904378, at *2 (D.N.M. July 22, 2022); *Andrews v. TD Ameritrade, Inc.*, 596 F. App'x 366, 371 (6th Cir. 2014) ("Removal to federal court does not waive a

[3] UnitedHealth contends that this argument has been waived because Mr. Haverty did not raise it before Judge Neureiter. [Doc. 100 at 4]. However, in Plaintiff's Response, he did reference Defendant's participation in the CCRD proceedings as "litigation conduct [that] waives any right to arbitration." [Doc. 70 at 5].

party's otherwise enforceable right to arbitrate."); *Armstrong v. Michaels Stores, Inc.*, No. 17-cv-06540-LHK, 2018 WL 6505997, at *10 (N.D. Cal. Dec. 11, 2018) ("[C]ourts have consistently rejected the argument that a party waived the right to compel arbitration by removing a case to federal court."), *aff'd*, 59 F.4th 1011 (9th Cir. 2023).

Further, Plaintiff's argument that Defendant delayed filing its Motion to Compel Arbitration in the course of this litigation is respectfully without merit. From the time of removal in August 2025 until the case was drawn to a presiding judge on November 6, 2025, this case was in an initial screening process under 28 U.S.C. § 1915 and Local Rule 8.1(c). *See* [Doc. 9 at 2]. During the screening process, Defendant was not obligated to move to compel arbitration because "[n]o answer or other response from Defendant [was] required at th[at] time." *See* [*id.*]; *see also* D.C.COLO.LCivR 8.1(a) ("A judicial officer . . . shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. . . . The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily . . . ."). It was only *after* screening was complete that Defendant was required to file a responsive paper, and UnitedHealth timely did so by filing the Motion to Compel Arbitration on November 19, 2025. *See* [Doc. 68]; *see also Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607 (10th Cir. 2011) ("[A] defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint." (quotation omitted)); *Dexter v. Prudential Ins. Co. of Am.*, 2000 WL 728821, at *3 (10th Cir. June 7, 2000) (finding no waiver where the defendant filed a motion to compel arbitration as "its first responsive pleading"). In sum, Plaintiff has not

demonstrated that Defendant waived its right to arbitrate. Plaintiff's objection is respectfully **OVERRULED**.

Mr. Haverty's objections raise one other discernable argument—that Judge Neureiter "discount[ed] serious questions regarding consent, asset and the reliability of Defendant's own evidentiary submissions." [Doc. 99 at 15 (emphasis omitted)]. Plaintiff takes issue with the fact that a declaration submitted by Defendant contains placeholders for the signatory's state and date of signing, so the signatory handwrote that information into the declaration. *See* [*id.* at 16]; *see also* [Doc. 86-1 at 3]. He argues that the declaration "should not simply be accepted . . . without scrutiny, particularly where the declaration is used to establish a core formation fact and is inconsistent with the documentary record attached to support it." [Doc. 99 at 16]. The "inconsisten[cy]" that Plaintiff points out is between the declarant's statement that Mr. Haverty signed the Arbitration Agreement on June 6, 2021, *see* [Doc. 86-1 at ¶ 9], and the Arbitration Agreement's indication that Plaintiff signed it on June 2, 2021, *see* [Doc. 68-1 at 8]. Plaintiff argues that this discrepancy "goes directly to the reliability of Defendant's evidence and to whether the Court can confidently determine when, how, and under what circumstances assent supposedly occurred." [Doc. 99 at 16].

But Plaintiff never argued in his Response that he did not sign the Arbitration Agreement. *See* [Doc. 70]. His belated attempt to call the validity of his *own* signature into question is not well-taken, and this argument has been waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Moreover, Plaintiff repeatedly contends that it was error for Judge Neureiter to "accept[] the declaration at

face value," *see* [Doc. 70 at 18], but Judge Neureiter did not expressly rely on the declaration in his Recommendation, *see* [Doc. 98]. And finally, insofar as Plaintiff suggests that *all* of Defendant's evidentiary submissions should be disregarded as incredible due to the inconsistent statement about the date of signing, *see* [Doc. 99 at 16–17], the Court is not persuaded that a scrivener's error has any material impact on the analysis on the Motion to Compel Arbitration.

The Court has reviewed Judge Neureiter's analysis about mutual assent, *see* [Doc. 98 at 9–11, 13–14], and upon de novo review, concurs with his analysis. Plaintiff's objection on this point is respectfully **OVERRULED**.

Finding no reason to depart from Judge Neureiter's analysis, the Recommendation is **ADOPTED**. The Motion to Compel Arbitration is **GRANTED**. However, the Court finds that administrative closure, rather than an indefinite stay, is the most appropriate way to pause this case.[4] Accordingly, this case is **ADMINISTRATIVELY CLOSED** pending resolution of the arbitration. It is **ORDERED** that, on or before **March 1, 2027**, and **every 180 days thereafter**, the Parties shall file a joint status report informing the Court of the status of the arbitration proceedings.

---

[4] A court "may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2. Administrative closure is "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987); *see also Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) ("Use of the administrative-closure mechanism allows district courts to remove from their pending cases suits which are temporarily active elsewhere." (quotation omitted)). Because arbitration proceedings have not yet begun and it is unclear how long the arbitration process will take, the Court concludes that administrative closure is appropriate. This matter may be reopened, if appropriate, by motion showing good cause. *See Patterson*, 631 F. App'x at 534 (recognizing that "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review" (quotation omitted)).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Report and Recommendation on Defendants' Motion to Compel Arbitration and Stay Proceedings [Doc. 98] is **ADOPTED**;

(2) UnitedHealth Group's Motion to Compel Arbitration and to Stay Proceedings [Doc. 68] is **GRANTED**;

(3) This case is **ADMINISTRATIVELY CLOSED** pending the Parties' arbitration, subject to reopening for good cause shown;

(4) On or before **March 1, 2027**, and **every 180 days thereafter**, the Parties shall file a joint status report concerning the status of the arbitration;

(5) Plaintiff's Motion for Status Conference and/or Expedited Ruling [Doc. 104] is **DENIED as moot**;

(6) Plaintiff's Renewed Motion for Appointment of Pro Bono Counsel [Doc. 105] is **DENIED as moot**, with leave to re-file should the case be reopened; and

(7) Plaintiff's Motion for Disqualification and Recusal of Magistrate Judge N. Reid Neureiter Pursuant to 28 U.S.C. § 455 [Doc. 106] is **DENIED as moot**, with leave to re-file should the case be reopened.[5]

DATED: September 1, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

[5] Plaintiff's Motion for Recusal "arises principally from the manner in which argument was conducted during" the February 6, 2026 hearing on the Motion to Compel Arbitration. [Doc. 106 at 5]. To the extent any argument raised in the Motion for Recusal could be construed as an objection to Judge Neureiter's Recommendation on the Motion to Compel Arbitration, any such objection is untimely.